No. 96-1328

United States of America,           *
                                    *
        Appellee,                   *
                                    *   Appeal from the United States
            v.          *               District Court for the Western
                                    *   District of Missouri.
Dennis E. McMullen,                 *
                                    *
        Appellant.                  *


Submitted:  May 14, 1996

Filed:  June 12, 1996


Before MORRIS SHEPPARD ARNOLD, HEANEY, and HENLEY, Circuit Judges.


MORRIS SHEPPARD ARNOLD, Circuit Judge.

        Dennis McMullen was indicted for conspiracy to distribute methamphetamine and possession with intent to distribute methamphetamine. Several months later, a grand jury returned two additional two-count indictments against him. The first charged McMullen with attempting to kill a federal witness and solicitation of a federal crime, the second with conspiracy and attempt to manufacture methcathinone. McMullen was arraigned on the new charges on the day his first trial was scheduled to begin. After conferring with his counsel, he pleaded guilty to one count of each of the three indictments.

        Four months later, McMullen filed a motion to withdraw his guilty pleas. In the motion, he claimed that his counsel gave him erroneous advice about the relevant sentencing laws and that he

would not have pleaded guilty but for that advice. Following a brief hearing, the district court allowed him to withdraw his pleas to the later indictments but refused to allow him to withdraw his plea to the original one. McMullen then filed a new motion to withdraw that plea, which the district court denied. (McMullen later re-entered guilty pleas in the other two cases.)

At McMullen's sentencing hearing, Special Agent Anthony Grootens of the Drug Enforcement Administration outlined McMullen's criminal enterprise for the court. Grootens testified that McMullen made several trips to California to purchase methamphetamine from a number of different suppliers. He then brought the methamphetamine to Missouri, where several distributors sold the drugs for him. Grootens also described a "drug book" in which McMullen recorded the names of distributors who owed him money. Grootens's testimony was corroborated in part by Patrolman Mike Madewell of the Monett, Missouri, Police Department. Finally, Dr. Philip Whittle, director of the Missouri Southern State College Regional Crime Laboratory, reviewed the results of tests analyzing 150.9 grams of methamphetamine that was seized from McMullen. Dr. Whittle testified that all 150.9 grams were dextro-methamphetamine (d-methamphetamine) rather than levo-methamphetamine (l-methamphetamine).

At the sentencing hearing, the court found that 1,389 grams of methamphetamine were involved in the conspiracy; it also found that all of the drugs were d-methamphetamine. The court gave McMullen a two-level enhancement for obstruction of justice, see U.S.S.G. § 3C1.1, and a four-level enhancement for being an "organizer or leader" in a criminal enterprise, see U.S.S.G § 3B1.1(a). McMullen was sentenced to 262 months in prison and five years supervised release.

On appeal, McMullen challenges the district court's refusal to allow him to withdraw his remaining guilty plea. He also claims that the district court erred in finding that all of the methamphetamine involved was d-methamphetamine. Finally, he contends that he should not have received a four-level leadership enhancement.

**I.**

McMullen argues that the district court should have allowed him to withdraw his guilty plea to the original indictment because his attorney was constitutionally ineffective. McMullen contends that he knew nothing about the subsequent indictments until he arrived for trial. He further claims that he had not intended to plead guilty to the original indictment when he appeared on the date of his trial and that he did so only because his attorney gave him erroneous advice. Counsel told him that if he did not plead guilty to all three indictments, and he was subsequently convicted, his sentences would run consecutively. In fact, McMullen could not have been sentenced consecutively unless the district court determined that an upward departure was required, a possibility not raised by this case. See, e.g., United States v. Marsanico, 61 F.3d 666, 668-69 (8th Cir. 1995), and U.S.S.G. § 5G1.2(c), § 5G1.3(b). His attorney admits that he gave McMullen erroneous advice, and there appears to be no question that he is correct in this.

The determination of whether a defendant may withdraw a guilty plea is left to the sound discretion of the trial court. See, e.g., United States v. Newson, 46 F.3d 730, 732 (8th Cir. 1995). A defendant may withdraw his plea only if he has a "fair and just reason" to do so. See Fed. R. Crim. P. 32(e) and United States v. Capito, 992 F.2d 218, 219 (8th Cir. 1993). Defense counsel's performance can serve as the requisite "fair and just reason" for withdrawal only if McMullen demonstrates both that his attorney's

performance was deficient and that he was prejudiced by it.  See, e.g., Hill v. Lockhart, 474 U.S. 52, 58-59 (1985).  That is, he must prove "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Id. at 59.

The district court failed to determine whether McMullen was prejudiced by his counsel's errors.  In fact, the court never asked McMullen whether his counsel's inaccurate advice caused him to plead guilty.  McMullen made only one statement at the hearing.  When asked if he wished to speak, he responded, "I just wish I could withdraw because I didn't understand completely what the situation of the morning was.  I was stressed out, Your Honor."  We are unable to determine from this record whether the court should have allowed McMullen to withdraw his remaining plea.  We therefore remand the case for an evidentiary hearing on this issue.  If the court finds that McMullen would not have pleaded guilty but for his counsel's erroneous advice, then he is entitled to withdraw his plea.

**II.**

McMullen also raises two sentencing issues.  Although we address these issues at this time, our discussion is, of course, relevant only if the district court does not allow McMullen to withdraw his plea.

A.

McMullen first contends that the district court erroneously found that all of the methamphetamine involved in the conspiracy was d-methamphetamine instead of l-methamphetamine.  The type of methamphetamine involved in the conspiracy substantially affects the length of McMullen's sentence.  Until the relevant guideline was amended in 1995, sentences for l-methamphetamine were lighter than for d-methamphetamine. (One gram of l-methamphetamine was

equivalent to 40 grams of marijuana; one gram of d-methamphetamine was equivalent to 1,000 grams of marijuana. See U.S.S.G. § 2D1.1, application note 10 (Nov. 1994).) Although McMullen was sentenced after the amendment became effective, he committed the crime before that time. The applicable rule is therefore the one in effect when the crime was committed, see U.S.S.G. § 1B1.11(b)(1); application of the amended guideline would violate the ex post facto clause of the Constitution, because the amendment increased the sentence for l-methamphetamine. See, e.g., California Dep't of Corrections v. Morales, 115 S. Ct. 1597, 1602 n.3 (1995).

For sentencing purposes, the government bears the burden of proving, by a preponderance of the evidence, what type of methamphetamine was involved in the conspiracy. See, e.g., United States v. Jennings, 12 F.3d 836, 838 (8th Cir. 1994). At the sentencing hearing, the district court rehearsed several considerations that evidently influenced its finding that all of the drugs were d-methamphetamine. First, the district judge noted that he had presided over a number of methamphetamine trials, but that none of them had involved l-methamphetamine. Second, the court indicated that McMullen would not have paid the price that he did if the drugs had been l-methamphetamine. Third, the court did not believe that l-methamphetamine would have been sent from California to Missouri. Finally, all of the methamphetamine recovered by the police was d-methamphetamine.

We agree with McMullen that, if the district court based its finding on judicial experience, on the price of the drugs, or on the fact that the drugs originated in California, it was in error. The district court is not entitled to rely on its judicial experience to determine the type of methamphetamine involved, see, e.g., United States v. Wessels, 12 F.3d 746, 754 (8th Cir. 1993), cert. denied, 115 S. Ct. 105 (1994), and the government presented no evidence about the relative prices of d- and l-methamphetamine

or the probability that l-methamphetamine would be transported across the country. The court was, however, entitled to consider the fact that the seized drugs were d-methamphetamine. See, e.g., Jennings, 12 F.3d at 838. We are unable to tell from the record whether the court gave dispositive weight to any of the considerations that were not entitled to be weighed. On remand, therefore, we instruct the court to make further findings on this issue, considering only such matters as are entitled to go in the balance.

### B.

McMullen claims finally that he should not have received a four-level leadership enhancement. See U.S.S.G. § 3B1.1(a). McMullen claims that he does not qualify for this enhancement because he was not a leader or organizer in the conspiracy and because the conspiracy did not involve five or more participants. He asserts that he simply sold drugs to individuals for their personal use. See, e.g., United States v. Pena, 67 F.3d 153, 156 (8th Cir. 1995).

We disagree with McMullen's characterization of the evidence. "We have broadly interpreted the terms 'organizer' and 'leader,'" United States v. Maxwell, 25 F.3d 1389, 1399 (8th Cir.), cert. denied, 115 S. Ct. 610 (1994), and the guidelines require only that McMullen organized or led one participant to trigger the enhancement, see U.S.S.G. § 3B1.1, application note 2, and Pena, 67 F.3d at 157. Here, the government's evidence supported the district court's conclusion. Both Special Agent Grootens and Patrolman Madewell testified that McMullen employed several distributors to sell drugs for him. Their testimony also rebuts McMullen's claim that the other participants in the enterprise were merely drug users. The district court did not clearly err in accepting these asseverations as true.

**III.**

For the foregoing reasons, we affirm in part, reverse in part, and remand the case for proceedings not inconsistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.