```
                _____
                No. 96-1134NI
                _____

United States of America,            *
                                     *
              Appellee,              *
                                     *
     v.                              *
                                     *
Marvin Jerome Knight,                *
                                     *
              Appellant.             *

                _____            Appeals from the United States
                                          District Court for the Northern
                No. 96-1211NI             District of Iowa.
                _____

United States of America,            *
                                     *
              Appellee,              *
                                     *
     v.                              *
                                     *
Edward James Backstrom,              *
                                     *
              Appellant.             *
                                _____

              Submitted:  July 11, 1996

              Filed:  September 18, 1996
                                _____

Before FAGG, LAY, and HEANEY, Circuit Judges.
                                _____
```

FAGG, Circuit Judge.

An undercover government agent met with Marvin Jerome Knight and Edward James Backstrom to purchase drugs. Backstrom handed drugs to the agent after Knight approved the purchase price. The government later charged Knight, Backstrom, and three others with conspiracy to distribute cocaine and cocaine base, and several

related crimes.  Knight and Backstrom signed written plea agreements and pleaded guilty to conspiracy to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 846 and 841(a)(1) (1994).  Knight and Backstrom appeal their sentences.  Knight also appeals the denial of his motion to withdraw his guilty plea.  We affirm.

Knight contends the district court should have granted his motion to withdraw his guilty plea.  When a motion to withdraw a guilty plea is made before sentencing, the district court may grant the motion if the defendant shows a fair and just reason.  Fed. R. Crim. P. 32(e).  If the defendant shows a fair and just reason, the district court then must consider "`whether the defendant asserts his innocence of the charge, the length of time between the guilty plea and the motion to withdraw it, and whether the government will be prejudiced if the court grants the motion.'"  United States v. Wicker, 80 F.3d 263, 266 (8th Cir. 1996) (quoting United States v. Nichols, 986 F.2d 1199, 1201 (8th Cir. 1993)).  We review the denial of a motion to withdraw a guilty plea for abuse of discretion.  Id.

Knight contends he showed fair and just reasons for withdrawing his plea.  First, Knight points to the government's failure to file a motion to reduce his sentence for substantial assistance.  Knight asserts the government promised to file a motion if Backstrom pleaded guilty, but the written plea agreement shows the government retained discretion about filing a departure motion for substantial assistance.  The agreement specifically states the government "has made no promise, implied or otherwise, that a departure motion will be made."  The agreement also states Knight understood he would "not be permitted to withdraw his plea of guilty . . . [if] he is not satisfied with the government's `substantial assistance' motion decision."  Contrary to his current claim of an oral promise, Knight stated at sentencing that the written plea agreement covered his entire understanding with the

government.  The district court properly found "no basis for [Knight's] contention that he entered his plea on condition that he would receive a substantial assistance reduction or departure."  See United States v. Kelly, 18 F.3d 612, 618-19 (8th Cir. 1994).

Knight next asserts a change in the law applicable to the gun charge materially altered the plea agreement's basis.  During plea negotiations, the government agreed not to indict Knight for using or carrying a firearm in relation to a drug trafficking crime, 18 U.S.C. § 924(c), if Knight pleaded guilty to the drug conspiracy.  After Knight's plea, the Supreme Court held mere possession of a firearm by a person who commits a drug offense is insufficient to support a conviction under 18 U.S.C. § 924(c) for use of a firearm in relation to a drug trafficking crime.  Bailey v. United States, 116 S. Ct. 501, 506 (1995).  In light of Bailey, Knight might not qualify for conviction under § 924(c).  This does not undermine Knight's bargain with the government, however.  The government had indicted Knight for several other drug offenses, and dropped those charges in exchange for his plea.

Knight also complains the government did not allow him to visit sick family members and attend his grandmother's funeral, and did not transfer him to a correctional facility near his family pending sentencing.  These matters were not part of the plea agreement.  Finally, by pleading guilty, Knight waived his belated claim that he is the victim of selective prosecution.  United States v. Fitzhugh, 78 F.3d 1326, 1330 (8th Cir. 1996); see Tollett v. Henderson, 411 U.S. 258, 267 (1973).  Because Knight failed to show a fair and just reason for withdrawing his guilty plea, the district court did not abuse its discretion in denying Knight's withdrawal motion.

To challenge his sentence, Knight first contends the district court committed error in increasing his base offense level by two under U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon.

Knight relies on the Supreme Court's recent decision in <u>Bailey</u>, but his reliance is misplaced. The Court in <u>Bailey</u> specifically points out that the government can still seek a § 2D1.1(b)(1) increase when a defendant merely possesses a firearm during a drug-trafficking offense. 116 S. Ct. at 509; <u>see</u> <u>United States v. Thomas</u>, No. 95-3940, 1996 WL 471336, at *8-9 (8th Cir. Aug. 21, 1996) (remanding for consideration of § 2D1.1(b)(1) increase following reversal of conviction under 18 U.S.C. § 924(c)). Indeed, in the plea agreement Knight stipulated the increase applied.

Knight also contends the district court should have reduced his base offense level for acceptance of responsibility under U.S.S.G. § 3E1.1. When a defendant clearly shows acceptance of responsibility, the district court can decrease the defendant's offense level by two. <u>Id.</u> § 3E1.1(a). If a defendant qualifies for the two-level decrease, the district court can decrease the offense level by one additional level under certain circumstances. <u>Id.</u> § 3E1.1(b).

The district court's refusal to give Knight any credit for acceptance of responsibility is not clearly erroneous. <u>United States v. Johnigan</u>, No. 95-3606, 1996 WL 411887, at *6 (8th Cir. July 24, 1996). At the plea hearing, Knight acknowledged that his criminal activity involved more than 50 grams of cocaine base. Nevertheless, Knight later filed a motion to withdraw his plea asserting he was not guilty. At sentencing, Knight again denied involvement with cocaine base. Thus, the district court properly found Knight had not accepted responsibility. <u>Id.</u> (defendant who initially pleaded guilty but then said at change of plea hearing that he was "doing nothing illegal" had not accepted responsibility). Contrary to Knight's contention, the district court did not penalize Knight for refusing to volunteer self-incriminating information, but instead did not give Knight a benefit extended to defendants who accept responsibility for their

wrongs.  United States v. McQuay, 7 F.3d 800, 802-03 (8th Cir. 1993) (§ 3E1.1 does not violate Fifth Amendment right to remain silent).

Knight next contends the district court committed error in enhancing his offense level by four for being an organizer or leader of criminal activity involving five or more participants.  U.S.S.G. § 3B1.1(a).  We have broadly interpreted the terms "organizer" and "leader."  United States v. McMullen, 86 F.3d 135, 138 (8th Cir. 1996).  In deciding whether the enhancement applies, courts consider several factors.  U.S.S.G. § 3B1.1 n.4 (listing factors).  We conclude the district court properly assessed the enhancement against Knight.

At the sentencing hearing, the undercover agent testified Knight was the key link between the suppliers of cocaine in Chicago and his distributors and customers in Cedar Rapids.  Knight maintained control over the drugs and had keys to the shed where the drugs were stored.  Knight also negotiated drug transactions, set the price, and had others deliver drugs to the agent.  See McMullen, 86 F.3d at 138; United States v. Greene, 995 F.2d 793, 801-02 (8th Cir. 1993).  At least five people were involved in the criminal activity, and Knight gave Backstrom approval to sell drugs for a certain price to the agent, showing Knight organized or led Backstrom.  See McMullen, 86 F.3d at 138.

Knight asserts the agent's testimony is unreliable hearsay.  The agent's testimony was corroborated by his interaction and conversations with Knight and his coconspirators, however, and the court could properly rely on reliable hearsay statements, United States v. Cassidy, 6 F.3d 554, 557 (8th Cir. 1993); U.S.S.G. § 6A1.3(a).  Further, Knight had an opportunity to rebut the evidence by cross-examining the agent.  See United States v. Weaver, 906 F.2d 359, 360 (8th Cir. 1990) (per curiam).  Thus, the district court could properly rely on the agent's testimony in

finding Knight was the organizer or leader of criminal activity involving five or more participants.

Last, Knight argues the statute that enhances penalties for offenses involving cocaine base, 21 U.S.C. § 841(b), is void for vagueness and inapplicable under the rule of lenity.  These arguments are foreclosed by our decision in United States v. Jackson, 64 F.3d 1213, 1219-20 (8th Cir. 1995), cert. denied, 116 S. Ct. 966 (1996).  This panel lacks authority to reconsider the Jackson decision, as Knight requests.  United States v. Perkins, No. 95-3880, 1996 WL 476132, at *8 (8th Cir. Aug. 23, 1996).

We now turn to Backstrom's appeal.  Backstrom contends the district court committed clear error in finding he is a career offender.  A defendant is a career offender if, among other things, the defendant has at least two earlier felony convictions for either a crime of violence or a controlled substance offense.  U.S.S.G. § 4B1.1(3).  To qualify as separate earlier felony convictions under § 4B1.1(3), the sentences for the felony convictions must be imposed in unrelated cases.  See id. § 4A1.2(a)(2); United States v. Mau, 958 F.2d 234, 236 (8th Cir. 1992).

Backstrom contends his state drug delivery conviction cannot be counted as an earlier conviction under § 4B1.1 because his state conviction is related to his federal drug conspiracy conviction in this case. According to Backstrom, the state delivery was part of the same plan as the federal drug conspiracy.  We reject Backstrom's contention.  Backstrom's sentence for the state delivery conviction is unrelated to his sentence for the federal drug conspiracy because he was arrested for the state delivery before the federal conspiracy began.  U.S.S.G. § 4A1.2 n.3 (defining related cases); United States v. Aguilera, 48 F.3d 327, 330 (8th Cir.), cert. denied, 116 S. Ct. 117 (1995).  The state drug delivery occurred in July 1993, Backstrom was arrested in

September 1993, and the federal conspiracy ran from March to November 1994. Indeed, Backstrom's own testimony at sentencing shows he did not meet his federal coconspirators, and thus could not have entered the conspiracy, until after his arrest on the state charges. We also reject Backstrom's assertion that his career offender sentence constitutes cruel and unusual punishment under the Eighth Amendment. United States v. Gordon, 953 F.2d 1106, 1107 (8th Cir.), cert. denied, 506 U.S. 858 (1992); United States v. Foote, 920 F.2d 1395, 1401 (8th Cir. 1990), cert. denied, 500 U.S. 946 (1991).

Backstrom also contends the court committed error in refusing to depart from the final, adjusted guideline range because it overrepresented the seriousness of his earlier convictions. The court's decision that a downward departure was not warranted is not reviewable on appeal. Mau, 958 F.2d at 237. The court's comments taken as a whole show the court understood it could depart. United States v. West, 942 F.2d 528, 532 (8th Cir. 1991).

Last, Backstrom asserts the court should have reduced his offense level by three instead of by two for acceptance of responsibility. Backstrom asserts he is entitled to the additional one-level reduction because he "timely provid[ed] complete information to the government concerning his own involvement in the offense." U.S.S.G. § 3E1.1(b)(1); see United States v. Thompson, 60 F.3d 514, 516-17 (8th Cir. 1995). There is no clear error in the district court's implicit finding that Backstrom did not provide the government with complete information about his involvement in the offense. At sentencing, Backstrom denied involvement in the March 14, 1994 cocaine base transaction, even though the district court found Backstrom was involved in the sale. Backstrom also refused to elaborate on other uncontested cocaine sales. Thus, the district court properly denied Backstrom the additional one-level reduction.

We affirm the district court.

A true copy.

    Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.