_____

No. 96-1523
_____

United States of America,          *
                                    *
         Appellee,                  *
                                    *  Appeal from the United States
    v.                              *  District Court for the
                                    *  Western District of Missouri.
Rick Lyn Shaddon,                   *
                                    *          [UNPUBLISHED]
         Appellant.                 *
_____

            Submitted:  November 21, 1996

                Filed:  January 3, 1997
_____

Before BOWMAN, MAGILL, and LOKEN, Circuit Judges.
_____

PER CURIAM.


    Rick Lyn Shaddon appeals the 228-month sentence imposed by the
District Court[1] following his guilty plea to conspiracy to distribute
methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 846 (1994), use of
a firearm during a drug trafficking crime in violation of 18 U.S.C.
§ 924(c) (1994), and concomitant agreement to criminal forfeiture pursuant
to 21 U.S.C. § 853 (1994).  We affirm.


    We conclude Shaddon's challenge regarding the amount of
methamphetamine he distributed is without merit, as he stipulated in his
plea agreement that he had distributed between three and ten kilograms of
methamphetamine and that the proper base offense level was 34.  See United
States v. Nguyen, 46 F.3d 781, 783 (8th Cir. 1995) (defendant who
voluntarily and explicitly acknowledges that a specific Sentencing
Guideline provision applies may not challenge

_____

    [1]The Honorable Russell G. Clark, United States District Judge
for the Western District of Missouri.

its application on appeal). We also conclude Shaddon's argument that the District Court erred in denying his motion to suppress is not properly before us because by entering an unconditional guilty plea he waived any claim that the search and seizure violated the Fourth Amendment. <u>See</u> <u>United States v. Jennings</u>, 12 F.3d 836, 839 (8th Cir. 1994).

Shaddon also argues the District Court erred in assessing a four-level enhancement under U.S. Sentencing Guidelines Manual § 3B1.1(a) (1995) (applicable when defendant was leader or organizer of criminal activity that involved five or more participants). In support of this argument, he cites <u>United States v. Miller</u>, 91 F.3d 1160, 1164 (8th Cir. 1996) (holding district court should not have applied four-level enhancement because there was no evidence that defendant controlled his buyers in their resale of methamphetamine). Shaddon's reliance on <u>Miller</u> is misplaced, however, because a four-level role enhancement is proper when a defendant organized or led even <u>one</u> of the participants in a criminal activity involving five or more participants. <u>See</u> U.S. Sentencing Guidelines Manual § 3B1.1, comment. (n.2) (1995); <u>United States v. McMullen</u>, 86 F.3d 135, 138 (8th Cir. 1996). At sentencing, Shaddon essentially conceded that he exercised control over his codefendant wife, and he does not contest that five or more participants were involved in the criminal activity. Accordingly, we conclude the District Court did not clearly err in assessing the section 3B1.1(a) enhancement. <u>See</u> <u>United States v. Smith</u>, 62 F.3d 1073, 1079 (8th Cir. 1995) (standard of review), <u>cert. denied</u>, 116 S. Ct. 826 (1996).

The judgment of the District Court is affirmed. We also deny Shaddon's motion to provide grand jury documents.

A true copy.

    Attest:

        CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.