105 F.3d 663
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Rick Lyn SHADDON, Appellant.
 No. 96-1523.
 United States Court of Appeals, Eighth Circuit.
 Submitted Nov. 21, 1996.
Filed Jan. 3, 1997.
 
 Before BOWMAN, MAGILL, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Rick Lyn Shaddon appeals the 228-month sentence imposed by the District Court[1] following his guilty plea to conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 846 (1994), use of a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c) (1994), and concomitant agreement to criminal forfeiture pursuant to 21 U.S.C. § 853 (1994). We affirm.
 
 
 2
 We conclude Shaddon's challenge regarding the amount of methamphetamine he distributed is without merit, as he stipulated in his plea agreement that he had distributed between three and ten kilograms of methamphetamine and that the proper base offense level was 34. See United States v. Nguyen, 46 F.3d 781, 783 (8th Cir.1995) (defendant who voluntarily and explicitly acknowledges that a specific Sentencing Guideline provision applies may not challenge its application on appeal). We also conclude Shaddon's argument that the District Court erred in denying his motion to suppress is not properly before us because by entering an unconditional guilty plea he waived any claim that the search and seizure violated the Fourth Amendment. See United States v. Jennings, 12 F.3d 836, 839 (8th Cir.1994).
 
 
 3
 Shaddon also argues the District Court erred in assessing a four-level enhancement under U.S. Sentencing Guidelines Manual § 3B1.1(a) (1995) (applicable when defendant was leader or organizer of criminal activity that involved five or more participants). In support of this argument, he cites United States v. Miller, 91 F.3d 1160, 1164 (8th Cir.1996) (holding district court should not have applied four-level enhancement because there was no evidence that defendant controlled his buyers in their resale of methamphetamine). Shaddon's reliance on Miller is misplaced, however, because a four-level role enhancement is proper when a defendant organized or led even one of the participants in a criminal activity involving five or more participants. See U.S. Sentencing Guidelines Manual § 3B1.1, comment. (n.2) (1995); United States v. McMullen, 86 F.3d 135, 138 (8th Cir.1996). At sentencing, Shaddon essentially conceded that he exercised control over his codefendant wife, and he does not contest that five or more participants were involved in the criminal activity. Accordingly, we conclude the District Court did not clearly err in assessing the section 3B1.1(a) enhancement. See United States v. Smith, 62 F.3d 1073, 1079 (8th Cir.1995) (standard of review), cert. denied, 116 S.Ct. 826 (1996).
 
 
 4
 The judgment of the District Court is affirmed. We also deny Shaddon's motion to provide grand jury documents.
 
 
 
 [1]
 The Honorable Russell G. Clark, United States District Judge for the Western District of Missouri