REVISED 3/9/98

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-60221
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN H. O'BRYANT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Mississippi
_____

March 3, 1998

Before DAVIS, JONES, and DENNIS, Circuit Judges.

EDITH H. JONES, Circuit Judge:

In this appeal O'Bryant challenges the district court's sentence predicated on drug weight of "methamphetamine." O'Bryant argues that the government did not establish that the drug was not l-methamphetamine, which carries a much shorter sentence because it is "a rather weak form of methamphetamine" that "is rarely seen and is not made intentionally, but rather results from a botched attempt to produce d-methamphetamine." U.S.S.G § 2D1.1 (Appendix C, am. 518). We agree with the majority of courts that have placed

on the government the burden of proving the harsher sentence required for the stronger drug, d-methamphetamine. We must accordingly reverse and remand for resentencing.

Evidence from the government laboratory technician established at trial that the substance possessed by O'Bryant for purposes of distribution was "methamphetamine," without specifying which variety of the drug. O'Bryant argued at sentencing that the substance was not d-methamphetamine but his contention was also unsupported by any evidence.

The government relies on this court's decision in United States v. Acklen, 47 F.3d 739, 744 (5th Cir. 1995), wherein we concluded that when the defendant raises the possibility that the substance is l-methamphetamine rather than d-methamphetamine, the government bears the burden of proving that the substance involved was indeed d-methamphetamine only after the defendant has "tendered some specific verified basis or evidence, beyond his mere naked assertion or belief, that the drug was in fact l-methamphetamine." This principle, the government asserts, applies the general rule in guidelines cases that an objector to the sentence must prove by a preponderance of the evidence the entitlement to an adjustment. United States v. Alfaro, 919 F.2d 962, 965 (5th Cir. 1990).

Acklen, however, is distinguishable as a § 2255 habeas case in which the petitioner contended that his lawyer was ineffective for failing to raise the l-meth issue at sentencing. This court agreed that failure to do so could be deficient

2

performance.  It further held that "prejudice" would exist, and a habeas hearing would be required, if the defendant could come up with some proof that in fact his crime involved l-meth.  In <u>Acklen</u>, the requirement that defendant produce proof was solely for the purpose of establishing the basis of a habeas evidentiary hearing -- a hearing which should not be granted unless the defendant makes the substantial showing of a denial of rights.  While the petitioner's mere say-so about l-meth would not be sufficient to advance his habeas case, that rule does not necessarily apply to the government's initial burden of proof at sentencing.

Not only is <u>Acklen</u> not controlling, but the district court's reasoning that "methamphetamine" necessarily refers to the more-common d-meth rather than l-meth, the only substance separately defined for sentencing purposes, has been rejected by the circuit courts as unpersuasive. *See, e.g.,* <u>United States v. Patrick</u>, 983 F.2d 206 (11th Cir. 1993); <u>United States v. Trout</u>, 68 F.3d 1276, 1281 (11th Cir. 1995); <u>United States v. Dudden</u>, 65 F.3d 1461, 1471-72 (9th Cir. 1995); <u>United States v. McMullen</u>, 86 F.3d 135 (8th Cir. 1996).  These courts have noted that the government generally bears the burden of proof of facts relevant for sentencing.  In <u>United States v. Bogusz</u>, 43 F.3d 82, 91-92 (3d Cir. 1994), the court held that the government may meet its burden by presenting either chemical analysis, expert testimony, or circumstantial evidence that d-methamphetamine was the subject of

3

the crime.  Perhaps such other evidence exists in this record, but the district court did not refer to it, and neither he nor the government relies upon any other evidence to support the finding.

Following this well-established body of caselaw on the disparity between d-meth and l-meth for sentencing purposes, we must conclude that the district court erred in relying for an enhanced sentence on evidence that did not prove that O'Bryant possessed d-meth.  This case is again <u>REVERSED</u> and <u>REMANDED</u> for resentencing consistent with this opinion.