# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 98-2665

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Todd Steven Remine, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

———————

Submitted: November 27, 1998
Filed: December 4, 1998

———————

Before WOLLMAN, HANSEN, and MURPHY, Circuit Judges.

———————

PER CURIAM.

Todd Steven Remine pleaded guilty to bank robbery, in violation of 18 U.S.C. § 2113(a). At sentencing, Remine argued that the district court[1] should depart downward under U.S. Sentencing Guidelines Manual § 4A1.3, p.s. (1997) from the applicable Guidelines imprisonment range, because his Category V criminal history overstated the seriousness of his criminal history. He also argued that the government had acted in bad faith when it refused to file a substantial-assistance departure motion

———————

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

under U.S. Sentencing Guidelines Manual § 5K1.1, p.s. (1997). The court denied Remine's section 4A1.3 motion and declined to order the government to file a section 5K1.1 motion. The court then sentenced Remine at the bottom of the applicable range to 70 months imprisonment and three years supervised release, and ordered him to pay $3,020 in restitution. Remine appeals, and we affirm.

Remine first argues that the district court was unaware of its authority to depart downward under section 4A1.3. After reviewing the district court's comments as a whole, see United States v. Knight, 96 F.3d 307, 311 (8th Cir. 1996), cert. denied, 117 S. Ct. 1458 (1997), we conclude the district court was aware of its authority to depart downward, and made a discretionary decision not to do so--a decision we do not review, see United States v. Hall, 7 F.3d 1394, 1396 (8th Cir. 1993) (district court's decision not to depart downward under § 4A1.3 is unreviewable if court is aware of its authority to do so).

Remine next argues that the district court erred in failing to determine whether he had provided substantial assistance to the government. However, a prosecutor's discretionary decision not to file a motion for downward departure for substantial assistance is reviewable only after "the defendant makes a 'substantial threshold showing' of prosecutorial discrimination or irrational conduct." United States v. Romsey, 975 F.2d 556, 557-58 (8th Cir. 1992) (citing Wade v. United States, 504 U.S. 181, 186 (1992)); see also United States v. Kelly, 18 F.3d 612, 617-18 (8th Cir. 1994) (district court can grant downward departure based on substantial assistance if defendant shows government withheld motion, inter alia, in bad faith). Remine's plea agreement expressly vested the government with discretion to assess whether Remine had provided substantial assistance, and we believe Remine's arguments amount to nothing more than disagreement with the government over whether his assistance was substantial; significantly, after the government explained its reason for not filing the motion, Remine failed to present any additional evidence showing bad faith on the part of the government. Thus, we do not believe Remine made the type of substantial

showing that would entitle him to further inquiry or remedy by the district court.  See Wade, 504 U.S. at 186 ("[A] claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing.  Nor would additional but generalized allegations of improper motive."); see also United States v. Isaac, 141 F.3d 477, 484 (3d Cir. 1998) (holding that district court has jurisdiction to determine whether refusal to file § 5K1.1 motion was in bad faith; explaining that after government has explained its reasons for not filing motion, defendant must make some showing of bad faith to trigger hearing).

Accordingly, the judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.