# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-4032

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Allen Kroells, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted:  May 20, 1999

Filed:  June 1, 1999

_____

Before WOLLMAN, Chief Judge, LOKEN, and MORRIS SHEPPARD ARNOLD,
    Circuit Judges.

_____

PER CURIAM.

Allen Kroells pleaded guilty to aiding and abetting the dealing of counterfeit obligations in violation of 18 U.S.C. §§ 473 and 2.  On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), suggesting that the district court[1] incorrectly applied U.S. Sentencing Guidelines Manual § 2B5.1 (1998) in calculating Kroells's base offense level; erred in denying his downward-departure

_____

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

motion based on an overstatement of criminal history; and--despite Kroells's failure to move to withdraw his guilty plea--should have sua sponte rejected Kroells's guilty plea after the court determined that it would not be able to impose a "split" sentence as contemplated in the plea agreement. We granted Kroells permission to file a pro se supplemental brief, but he has not done so.

As Kroells did not challenge his base offense level at sentencing, we review the district court's calculation for plain error, and we find none. See United States v. Montayne, 996 F.2d 190, 192 (8th Cir. 1993) (en banc) (explaining plain-error review); United States v. Lamere, 980 F.2d 506, 513 (8th Cir. 1992) (§ 2B5.1 establishes offense level for counterfeiting offenses). Because the district court's comments at sentencing indicate that the court was aware of its authority to grant a downward departure based on an overstatement of criminal history and simply exercised its discretion not to depart, we conclude that the denial of such a departure is unreviewable. See United States v. Knight, 96 F.3d 307, 311 (8th Cir. 1996), cert. denied, 520 U.S. 1180 (1997). Finally, we note that Kroells's plea agreement acknowledged that the district court was not bound by the Guidelines calculations contained in the agreement. See United States v. Harris, 70 F.3d 1001, 1004 (8th Cir. 1995).

In accordance with Penson v. Ohio, 488 U.S. 75, 80 (1988), we have reviewed the record for any nonfrivolous issues and have found none.

Accordingly, the judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.