UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 99-4533

RAYMOND J. STEWART,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
John T. Copenhaver, Jr., District Judge.
(CR-96-123)

Submitted: December 29, 1999

Decided: January 24, 2000

Before NIEMEYER and WILLIAMS, Circuit Judges,
and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John R. McGhee, Jr., KAY, CASTO & CHANEY, P.L.L.C., Charles-
ton, West Virginia, for Appellant. Rebecca A. Betts, United States
Attorney, Michael L. Keller, Assistant United States Attorney,
Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Raymond J. Stewart appeals the sentence imposed by the district court for conspiring to distribute methamphetamine in violation of 21 U.S.C. § 846 (1994). This court previously remanded this case for resentencing so that the district court could apply the 1994 edition of the U.S. Sentencing Guidelines. See United States v. Stewart, No. 98-4452 (4th Cir. Apr. 12, 1999) (unpublished). On remand, the district court employed the proper edition of the Guidelines and determined that Stewart should be sentenced based on the guidelines applicable to d-methamphetamine. Finding no clear error in the district court's factual determination, we affirm Stewart's sentence.

In this appeal, Stewart challenges his sentence asserting that the district court erred in finding that the drug involved in the conspiracy was d-methamphetamine, as opposed to l-methamphetamine. Both l-methamphetamine (short for "levomethamphetamine") and d-methamphetamine (short for "dextromethamphetamine") are isomeric forms of methamphetamine. See United States v. McEntire, 153 F.3d 424, 431 (7th Cir. 1998). Thus, while they have the same chemical formula, they have different chemical structures and markedly different effects on a user. See id. L-methamphetamine produces little or no physiological effect when ingested, while d-methamphetamine "produces a profound physiological effect, creating the high desired by the drug's users." Id.

The Sentencing Guidelines applicable to Stewart's offense, specifically the 1994 edition, treated the two isomers of methamphetamine differently. See id.; Stewart, No. 98-4452, slip op. at 9. One gram of l-methamphetamine was converted to forty grams of marijuana, while one gram of d-methamphetamine was equated with one kilogram of marijuana. See USSG § 2D1.1 comment. (Drug Equivalency Tables) (1994). Consequently, the district court's conclusion that the drug was

2

d-methamphetamine resulted in a significantly higher sentence. Stewart claims he should have been sentenced under the more lenient provisions governing l-methamphetamine.

The government must prove by a preponderance of the evidence the type of drug involved in an illegal conspiracy. See United States v. O'Bryant, 136 F.3d 980, 981-82 (5th Cir. 1998). The district court's determination of the type of drug involved is a finding of fact which is reviewed for clear error. See McEntire , 153 F.3d at 431. After reviewing the evidence of record, including testimony regarding the intoxicating effect of the substance Stewart distributed and the amount he paid for the methamphetamines, we are not left with the "definite and firm conviction" that the district court made a mistake in concluding that the controlled substance was d-methamphetamine. See United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948); see also United States v. Scrivner, 114 F.3d 964, 968-69 (9th Cir. 1996); United States v. Loveless, 139 F.3d 587, 593 (8th Cir. 1998).

Accordingly, Stewart's sentence is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3