# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2904SI

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | On Appeal from the United |
| | * | States District Court for |
| v. | * | the Southern District of |
| | * | Iowa. |
| | * | |
| Jim Keith Eis, | * | [To be published] |
| | * | |
| Appellant. | * | |

_____

Submitted:  March 10, 2003

Filed:  March 18, 2003

_____

Before WOLLMAN, RICHARD S. ARNOLD, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Jim Keith Eis, the appellant in this case, has been convicted on three counts: conspiracy to manufacture methamphetamine, in violation of 21 U.S.C. §§846, 841(a)(1), and 841(b)(1)(A), attempt to manufacture methamphetamine, in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(a), and 18 U.S.C. §2, and creating a substantial risk of harm to human life while manufacturing or attempting to manufacture a controlled substance, in violation of 21 U.S.C. §858.   The jury

returned a verdict after a three-day trial. Thereafter, the District Court[1] imposed a sentence of life in prison on counts I and II. The sentence on Count III was ten years, to be served concurrently. The life sentence was mandatory under the Sentencing Guidelines as applied by the District Court.

After considering the briefs and record, and hearing oral argument, we affirm. The sentence imposed makes the case a calamitous one indeed for the defendant, and any appeal in such a case must be taken seriously. Having considered the points assigned as error on the appeal, however, we conclude that none of them is substantial in a legal sense. In our view, some of the issues do not need to be discussed, and the others do not require extended discussion. We make the following brief comments by way of explaining our decision.

1. The indictment charged, and the jury found beyond a reasonable doubt, that 50 or more grams of methamphetamine were involved in counts I and II. At the time of sentencing, the District Court found, largely on the basis of trial testimony, that Mr. Eis was responsible for 957.52 grams of methamphetamine. As the appellant argues, the government has the burden of proof to show drug quantity by a preponderance of the evidence. Our review of the District Court's findings on this subject is for clear error only. We find no such error. A principal argument advanced by the appellant is that the testimony of certain witnesses, used against him on this point, was incredible, because the witnesses were testifying in order to gain advantage for themselves, in the form of reduction of their own sentences. It is perfectly true that testimony of this kind is suspect and should be weighed with care. Here, however, the District Court, which heard the witnesses, believed them after being fully advised of the extent of the consideration being gained by them for their testimony. This sort of finding, as to the credibility of live witnesses, is virtually

_____

[1]The Hon. Charles R. Wolle, United States District Judge for the Southern District of Iowa.

never clearly erroneous. It is for the trier of fact to make these kinds of judgments. Nothing in the present record leads us to believe that any reversible error occurred in this respect.

2. Mr. Eis urges that the District Court erred in enhancing his sentence on the basis of an alleged obstruction of justice on his part. There was evidence that Mr. Eis advised a fellow inmate, one Harland, to tell law enforcement that a co-defendant, George Arndt, was responsible for the methamphetamine laboratory that officers had discovered. In context, Mr. Eis was asking Mr. Harland (if this evidence is believed, as it was by the trier of fact) to place more of the blame on Mr. Arndt than the facts warranted. This is a clear attempt to impede the investigation, and, accordingly, warrants an enhancement for obstruction of justice under USSG §3C1.1. Mr. Eis argues that the conversation was not taken seriously by Mr. Harland, as evidenced by the fact that he did not accept the invitation to place the blame on Mr. Arndt. An obstruction of justice does not have to be completed, or successful, to qualify for the enhancement. An attempt is sufficient, and that is what the evidence showed here.

3. An enhancement was also applied for Mr. Eis's role in the offense. The Court found that he was a leader or organizer of a criminal activity that involved five or more participants or was otherwise extensive. That five or more participants were involved is undisputed. The record also establishes that Mr. Eis gave directions to more than one of these participants. On appeal, defendant urges that he could not qualify for the enhancement unless he exercised authority over at least five other persons. The guideline, §3B1.1, does not say this, and neither does the case cited by defendant, United States v. Sarabia-Martinez, 276 F.3d 447 (8th Cir. 2002). Indeed, the case says the opposite: "[T]he defendant need only have directed one other participant to warrant an enhancement." Id. at 451, citing United States v. McMullen, 86 F.3d 135, 138-39 (8th Cir. 1996); USSG §3B1.1, App. Note 2.

4.    The defendant also contends that the evidence failed to show that a substantial risk of harm to the life of a minor existed as a result of his conduct, and that the evidence was legally insufficient to support the convictions for conspiracy and attempted manufacturing.   We have considered these arguments and hold that they are without merit.

For these reasons, the judgment and sentence imposed by the District Court are

Affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.