United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 97-1781

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * Northern District of Iowa |
| Michael Bernard Morris, | * |
| | * [UNPUBLISHED] |
| Appellant. | * |

_____

Submitted: February 5, 1998
Filed: February 25, 1998

_____

Before McMILLIAN, LOKEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Michael Bernard Morris entered an Alford[1] plea to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922 (g)(1) and 924(a)(2). The District Court[2] for the Northern District of Iowa sentenced Morris to ninety-six months imprisonment and three years supervised release. For reversal, Morris challenges the computation of his base offense level and the denial of an acceptance-of-responsibility

_____

[1]North Carolina v. Alford, 400 U.S. 25 (1970).

[2]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

reduction. For the reasons discussed below, we affirm the judgment of the district court.

Morris first argues that the district court erred in assessing a base offense level of 20 under U.S.S.G. § 2K2.1(a)(4)(A) (1997), which applies when the defendant has "one prior felony conviction of either a crime of violence or a controlled substance offense." In concluding that Morris had the requisite felony conviction, the district court relied on his prior state conviction for assault with intent to commit serious injury, for which he had been sentenced to imprisonment not to exceed two years.

We agree with the district court that Morris's assault conviction constitutes a prior felony conviction for a crime of violence for purposes of U.S.S.G. § 2K2.1(a)(4)(A). Commentary to the section provides that "crime of violence" and "prior felony conviction" are defined in U.S.S.G. § 4B1.2 (1997), the definitions section for the career offender Guideline. See U.S.S.G. § 2K2.1, comment. (n.5) (1997). "Crime of violence" is defined in relevant part as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another." Id. "Prior felony conviction" is defined as "a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed." Id., comment. (n.1).

Morris nonetheless insists, as he did below, that he did not have the requisite felony offense warranting a base offense level of 20 under U.S.S.G. § 2K2.1, because his assault offense was classified under applicable state law as an aggravated misdemeanor punishable by imprisonment of two years or less, and 18 U.S.C. § 921(a)(20)(B) excludes from the definition of "crime punishable by imprisonment for a term exceeding one year" any offense classified by state law "as a misdemeanor and punishable by a term of imprisonment of two years or less." We agree with the district

court that 18 U.S.C. § 921(a)(20) is controlling for purposes of defining the felon-in-possession offense, while U.S.S.G. § 2K2.1 is controlling for purposes of determining the resulting Guideline sentence absent a statutory conflict, which we do not see.  Cf. United States v. LaBonte, 117 S. Ct. 1673, 1677-79 (1997) (concluding Guidelines commentary was at odds with plain language of 28 U.S.C. § 994(h)).

Morris next contends the district court erroneously denied him an acceptance-of-responsibility reduction under U.S.S.G. § 3E1.1 (1997).  The district court's factual determination on this issue is entitled to great deference and should be reversed only "if it is so clearly erroneous as to be without foundation."  See United States v. Nam Xuan Ngo, 132 F.3d 1231, 1233 (8th Cir. 1997).  Although Morris relies heavily on his guilty plea in arguing entitlement to the reduction, "[a] defendant who enters a guilty plea is not entitled to an adjustment under [U.S.S.G. § 3E1.1] as a matter of right."  U.S.S.G. § 3E1.1, comment. (n.3) (1997).  Given that the district court had the opportunity to observe Morris's demeanor both at the plea hearing and at sentencing, we cannot say the district court clearly erred in concluding that he had not accepted responsibility for his offense.  See Nam Xuan Ngo, 132 F.3d at 1233.

We also reject Morris's suggestion that the district court's consideration of the nature of his guilty plea--an Alford plea--violated his rights under the Fifth Amendment. The district court was careful to clarify that the Alford plea was only a factor in the decision whether to grant the reduction, not a disqualifier.  See United States v. Harlan, 35 F.3d 176, 181 (5th Cir. 1994) (holding that district court may consider whether defendant has entered Alford plea as relevant factor when deciding whether to grant acceptance-of-responsibility reduction; citing decisions from First, Seventh, and Eleventh Circuits); cf. United States v. Knight, 96 F.3d 307, 310 (8th Cir. 1996) (affirming refusal to grant acceptance-of-responsibility reduction to defendant who pleaded guilty but later denied involvement in offense; defendant was not penalized for refusing to volunteer self-incriminating information but instead was not given benefit extended to those defendants who accept responsibility), cert. denied, 117 S. Ct. 1458

(1997); <u>United States v. McQuay</u>, 7 F.3d 800, 802-03 (8th Cir. 1993) (§ 3E1.1 does not violate Fifth Amendment right to remain silent).

Finally, Morris challenges the district court's decision to deny the government's motion for a downward departure under U.S.S.G. § 5K1.1, p.s. (1997). We conclude that the decision is not reviewable because the district court did not consider any illegal factors and clearly acknowledged its discretion to grant or deny the motion. <u>See</u> <u>United States v. Field</u>, 110 F.3d 587, 591 (8th Cir. 1997) (discretionary decision not to depart from Guidelines is unreviewable on appeal absent unconstitutional motive); <u>see also</u> U.S.S.G. § 1B1.4 (1997) (in determining sentence to impose within Guideline range, or whether departure from Guidelines is warranted, court may consider any information concerning background, character, and conduct of defendant unless otherwise prohibited by law).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.