**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Albert Leo PALMER, a.k.a. Alan**
**G. Horseman, Defendant–**
**Appellant.**

No. 98–30181.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 10, 1999.

Decided July 6, 1999.

Arlen R. Storm, Assistant United States Attorney, Tacoma, Washington, for the plaintiff-appellee.

Before: FLETCHER, REINHARDT, and THOMAS, Circuit Judges.

THOMAS, Circuit Judge:

This appeal primarily presents the question of whether the sentencing counting provision of United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 2K2.1(a)(4)(A) [1] impermissibly conflicts with its governing statute, 18 U.S.C. § 921(a)(20). We conclude that it does. We also conclude, as both parties urge, that the district court erred in imposing additional enhancements under other sections of the Sentencing Guidelines. We therefore vacate the sentence imposed by the district court and remand for resentencing.

I

Albert Palmer's ("Palmer") most recent misadventure began when he purchased a rifle from a licensed firearms dealer in Tacoma, Washington. Rather than using his legal name and actual date of birth in filling out the required Bureau of Alcohol, Tobacco, and Firearms form, he listed an incorrect date of birth and averred that his name was Alan G. Horseman. He also stated that he had not previously been convicted of a felony, omitting mention of his 1967 robbery conviction and his 1977 conviction for second degree assault. He had also been convicted in 1989 of unlawful possession with intent to distribute marijuana, but the state of Washington had restored his civil rights for that conviction.

Peter Offenbecher, Assistant Federal Public Defender, Seattle, Washington, for the defendant-appellant.

---

1. Palmer was sentenced in June 1998. The applicable Sentencing Guidelines are those in effect on the date of sentencing. *See* U.S.S.G. § 1B1.11(a). Thus, the November 1, 1997 Sentencing Guidelines apply to this case.

Subsequently, agents from the Bureau of Alcohol, Tobacco, and Firearms conducted a search of Palmer's home pursuant to a warrant. They did not find the rifle purchased from the dealer, but did discover a .38 caliber Derringer in need of repair.

The agents also searched a mobile home located on Palmer's property, into which Palmer's son Gilbert was in the process of moving. There they found four handguns, one of which had been stolen. In another room of the mobile home, they discovered twelve marijuana plants and a mock "Permit to Grow Marijuana" issued in the name of "Gilbert Palmer." On questioning, Gilbert claimed ownership of the firearms and marijuana located in the mobile home. Palmer acknowledged that everything in the house was his.

A grand jury indicted Palmer on one count of making a false statement in connection with the purchase of a rifle in violation of 18 U.S.C. § 922(a)(6) and one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Palmer agreed to enter into a guilty plea. In the plea agreement, the parties concurred that no more than two firearms should be attributed to Palmer. In spite of the parties' agreement, the district court refused to allow entry of the guilty plea, and set the case for trial. Several days later, the district court relented and agreed to accept Palmer's guilty plea. Five months later, the district court had another change of heart, once again setting the matter for trial and denying Palmer's request to plead guilty. The court offered no reasons for its change of decision other than "[j]ust rejecting. I don't agree with it." Subsequently, the district court reversed course again and decided to accept Palmer's guilty plea.

At sentencing, the district court calculated a base offense level of 20 pursuant to U.S.S.G. § 2K2.1(a)(4)(A), concluding that Palmer had one prior felony conviction of either a crime of violence or controlled substance offense. The district court imposed a two point upward adjustment for the number of firearms under U.S.S.G. § 2K2.1(b)(1)(B), a two point adjustment because one of the firearms was stolen under U.S.S.G. § 2K2.1(b)(4), and a four point adjustment pursuant to U.S.S.G. § 2K2.1(b)(5) for guns possessed in connection with another felony offense. The district court allowed a three point downward adjustment for acceptance of responsibility, making the total offense level 25.

Because of Palmer's 1989 marijuana conviction, he was placed into Criminal History Category II,[2] resulting in a guideline range of sixty-three to seventy-eight months. Prior to the time that the district court had made these determinations, the government had recommended a sentence of thirty-three months, the high end of the range for Criminal History Category II, Offense level 17 (base level 20, less a three point downward adjustment for acceptance of responsibility). Following the court's announcement of the guideline range, the government recommended the minimum sentence. The district court nevertheless sentenced Palmer to the maximum within the guideline range: seventy-eight months.

Palmer appeals all of the district court's upward adjustments. He also appeals the district court's consideration of his 1989 conviction in setting his base offense level at twenty pursuant to U.S.S.G. § 2K2.1(a)(4)(A).

## ·II

■ The government and the defendant agree that the district court clearly erred in finding that Palmer owned or possessed the guns and marijuana found in the mobile home. The evidence showed that Palmer's son Gilbert owned these items, as Gilbert was living in the mobile home with his girlfriend when the items were found, Gilbert repeatedly told investigators that

---

2. Palmer's 1967 and 1977 robbery and assault convictions were not imposed within 15 years of the instant offense and are not counted in criminal history calculations. *See* U.S.S.G. § 4A1.2(e) and U.S.S.G. § 4A1.1 Application Note 1.

they were his, and the state of Washington charged Gilbert for their possession. There was no evidence that Palmer used any of the guns, either those found in the mobile home or in Palmer's house, in connection with the marijuana plants. Before the district court, both the government and the defendant agreed that all of the upward adjustments were inappropriate and not supported by the evidence. The record supports the parties' position. Thus, the district court clearly erred in imposing upward adjustments under §§ 2K2.1(b)(1)(B), (b)(4), and (b)(5) of the Sentencing Guidelines.

### III

■ The district court also erred in using Palmer's 1989 conviction for marijuana manufacturing in setting Palmer's base offense level at twenty pursuant to U.S.S.G. § 2K2.1(a)(4)(A), which applies to defendants who have "had one prior felony conviction of either a crime of violence or a controlled substance offense." *Id.* The district court based this on Palmer's 1989 conviction for manufacturing marijuana in Washington. However, the State of Washington had restored Palmer's civil rights with respect to this conviction. For such convictions, the statute applicable to Palmer's current conviction specifically provides:

> Any conviction which has been expunged, or set aside or for which a person has been pardoned *or has had civil rights restored shall not be considered a conviction for purposes of this chapter,* unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

18 U.S.C. § 921(a)(20) (emphasis added) (defining the statutory term "crime punishable by imprisonment for a term exceeding one year"). Chapter 44 includes both § 922 and § 924, which sets out maximum sentences for offenses under this chapter. Accordingly, "for purposes of this chapter" clearly includes sentencing. *See, e.g., United States v. Traxel,* 914 F.2d

119, 122 (8th Cir.1990) (holding that the definition in § 921(a)(20) applied throughout the entire firearms chapter of the U.S.Code). Thus, because the governing statute specifically precluded the use of a conviction for which civil rights have been restored, the district court erred in counting the 1989 conviction in setting Palmer's base offense level.

The district court's rationale was not unfounded. The judge relied on Application Note 5 to U.S.S.G. § 2K2.1 when he counted Palmer's 1989 marijuana conviction in setting his base offense level at 20. Application Note 5 explains that for purposes of determining the number of prior convictions that comprise the base offense level, the court must "count any such prior conviction that receives any points under § 4A1.1 (Criminal History Category)." The Commentary to U.S.S.G. § 4A1.1, in turn, instructs that the definitions and instructions in U.S.S.G. § 4A1.2 govern the computation of criminal history points. Finally, Application Note 10 to § 4A1.2 specifically explains that:

> A number of jurisdictions have various procedures pursuant to which previous convictions may be set aside or the defendant may be pardoned for reasons unrelated to innocence or errors of law, *e.g.,* in order to restore civil rights or to remove the stigma associated with a criminal conviction. *Sentences resulting from such convictions are to be counted.* However, expunged convictions are not counted. § 4A1.2(j).

U.S.S.G. § 4A1.2 Application Note 10 (emphasis added).

Thus, the Sentencing Guidelines mandate that for firearms convictions, the district court must count a defendant's conviction for which his civil rights have been restored. However, this mandate directly conflicts with the statutory prohibition in 18 U.S.C. § 921(a)(20) that, for the purposes of firearms crimes defined in Chapter 44, convictions for which a defendant's civil rights have been restored are not to be counted.

■ Where the Sentencing Guidelines and Congressional statutes are inconsistent, the statutes control. *See United States v. LaBonte,* 520 U.S. 751, 757, 117 S.Ct. 1673, 137 L.Ed.2d 1001 (1997). Because the relevant Sentencing Guidelines for firearms offenses require the counting of convictions where a defendant's civil rights have been restored, and 18 U.S.C. § 921(a)(20) forbids such use, the statute controls. Thus, the district court erroneously included Palmer's 1989 marijuana conviction in calculating his base offense level for his firearms conviction.

■ Although we conclude that the cross-referencing in Application Note 5 of U.S.S.G. § 2K2.1 to Application Note 10 of § 4A1.2 generates a conflict with the firearms statute precluding the use of the prior conviction to establish a defendant's base offense level, the Sentencing Guidelines' counting of the sentence resulting from a conviction for which a defendant's civil rights have been restored to establish the defendant's criminal history category is unaffected. *See* U.S.S.G. § 4A1.2, Application Note 10. Because that provision of the Sentencing Guidelines is used in determining a defendant's criminal history category for any crime covered by the Sentencing Guidelines, it does not conflict with the statutory prohibition in 18 U.S.C. § 921(a)(20) against using such a conviction "for purposes of this chapter."

### IV

The district court clearly erred in imposing upward adjustments based on the firearms and marijuana found in the mobile home when the clear preponderance of evidence in the record established that the firearms and marijuana were owned by someone other than the defendant. The district court also erred in counting a conviction for which Palmer's civil rights had been restored as part of his base offense level in violation of 18 U.S.C. § 921(a)(20).

The sentence is vacated and the case is remanded.

**VACATED AND REMANDED**