# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3813MN

_____

| | |
|---|---|
| United States of America, | * |
| | * On Appeal from the United |
| Appellee, | * States District Court |
| | * for the District of |
| v. | * Minnesota. |
| | * |
| Linda P. Whitehead, | * [Not To Be Published] |
| | * |
| Appellant. | * |

_____

Submitted: August 4, 1999

Filed: August 16, 1999

_____

Before McMILLIAN, RICHARD S. ARNOLD, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Linda P. Whitehead appeals the sentence imposed by the District Court[1] after she pleaded guilty to one count of honest services mail fraud, in violation of 18 U.S.C. §§ 1341 and 1346. We affirm.

The government charged Whitehead, a former United States Probation Officer, with accepting numerous items of shoplifted clothing from Karen Pluff, a person under

_____

[1]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska, sitting by designation in the District of Minnesota.

Whitehead's supervision, in exchange for such preferential treatment as submitting false urine samples on Pluff's behalf. It is undisputed that Whitehead told the probation officer preparing the presentence report (PSR) that the total value of the merchandise she received from Pluff was approximately $500; that she had submitted someone else's urine on Pluff's behalf on only four occasions during the five years she supervised Pluff; and that she had done so because of threats she had received from Pluff's brother, James "Buddy" Pluff.

Whitehead objected to the PSR's failure to recommend a two-level acceptance-of-responsibility reduction in light of the following factors: she had provided the FBI with a written confession, consented to a search of her residence, and resigned from her job on the day of her arrest; and she had promptly pleaded guilty. At sentencing, Pluff testified that Whitehead had had her submit between twenty and thirty false urine samples, and that the total value of the shoplifted clothing she gave Whitehead was well over $2,000. Buddy Pluff testified he had never threatened Whitehead.

The District Court, crediting the Pluffs' testimony, found that the value of the shoplifted clothing exceeded $2,000 and that Buddy Pluff had not threatened Whitehead. After denying Whitehead an acceptance-of-responsibility reduction, because she had falsely denied or frivolously contested relevant conduct the Court had determined to be true, the Court sentenced Whitehead to one year imprisonment and three years supervised release.

We conclude that the District Court did not clearly err in finding that Whitehead was not entitled to an acceptance-of-responsibility reduction. See United States v. Morris, 139 F.3d 582, 584 (8th Cir. 1998) (per curiam) (standard of review). The Court found that the total value of the shoplifted items Whitehead received from Pluff exceeded the amount to which Whitehead had admitted, and that Whitehead had not been threatened by Buddy. The Court also generally credited Pluff's testimony indicating Whitehead submitted more false urine samples on Pluff's behalf than

Whitehead asserted in the PSR. See U.S. Sentencing Guidelines Manual § 3E1.1, comment (n.1(a)) (1998); United States v. Ngo, 132 F.3d 1231 (8th Cir. 1997); United States v. Stockton, 968 F.2d 715, 721 (8th Cir. 1992).

We also reject Whitehead's argument that the District Court violated her due process rights by crediting Karen Pluff's testimony in applying a one-level amount- of- loss enhancement. See United States v. Heath, 58 F.3d 1271, 1275 (8th Cir.), cert. denied, 516 U.S. 892 (1995). Finally, we conclude the District Court's statement concerning the need to punish Whitehead and deter others constitutes sufficient compliance with 18 U.S.C. § 3553(a). See United States v. Adams, 104 F.3d 1028, 1031 (8th Cir. 1997).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.