**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

CARL EDWARD METHENEY,
  *Defendant-Appellant.*

No. 00-4435

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
John T. Copenhaver, Jr., District Judge.
(CR-99-201)

Submitted: February 28, 2001

Decided: April 4, 2001

Before LUTTIG, MOTZ, and TRAXLER, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

**COUNSEL**

Thomas W. Smith, Charleston, West Virginia, for Appellant. Rebecca A. Betts, United States Attorney, Steven I. Loew, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Carl Metheney pled guilty to possession of a firearm after a misdemeanor conviction of domestic violence, 18 U.S.C.A. § 922(g)(9) (West 2000) (Count One), and possession of a firearm with an obliterated serial number, 18 U.S.C.A. § 922(k) (West 2000). He appeals the sentence of fifty-seven months imprisonment he received, alleging that the district court erred in calculating his base offense level under *U.S. Sentencing Guidelines Manual* § 5K2.1(a)(4)(B) (1998), in failing to depart downward based on the totality of the circumstances, and in failing to recognize its authority to depart based on extraordinary family circumstances, USSG § 5H1.6, p.s., and his actual innocence of the prior misdemeanor domestic violence conviction. We affirm in part, and dismiss in part.

In 1997, Carl Metheney pled no contest to a West Virginia charge of domestic battery and was fined $100. The conviction was based on his wife's allegation that he had burned her arm with a cigarette. However, during a hearing on the revocation of Metheney's bond during the prosecution of the instant offense, she testified that he had not burned her intentionally. In September 1999, Metheney was charged with a number of federal firearms offenses. He pled guilty to possession of firearms after being convicted of a misdemeanor crime of domestic violence, and possession of a firearm with an obliterated serial number.

The district court determined that Metheney's base offense level was 20 under USSG § 2K2.1(a)(4)(B) because he was a "prohibited person,"[1] and the offense involved both a firearm described in 26 U.S.C. § 5845(a) (1994) (a short-barreled shotgun), and a firearm described in 18 U.S.C.A. § 921(a)(30) (West 2000) (a TEC-DC9).

---

[1]Application Note 6 to § 2K2.1 defines a "prohibited person," as used in subsection (a)(4)(B), as including a defendant who has been convicted in any court of a misdemeanor crime of domestic violence as defined in 18 U.S.C.A. § 921(a)(33) (West 2000).

Possession of either firearm by a prohibited person triggers the enhanced base offense level.[2] USSG § 2K2.1(a)(4)(B).

Metheney objected that the TEC-DC9 should not be considered a basis for the enhanced base offense level because guideline Amendment 522, which added the firearms listed in § 921(a)(30) to USSG § 2K2.1(a)(4)(B), was in conflict with 18 U.S.C.A. § 922(v)(2) (West 2000). Title 18, § 922(v)(1), provides that it is unlawful to possess a semiautomatic assault weapon. Subsection (v)(2) provides that, "Paragraph (1) shall not apply to the possession or transfer of any semiautomatic assault weapon otherwise lawfully possessed under Federal law on the date of the enactment of this subsection." Subsection (v) was added by Pub. L. 103-322, which went into effect on September 13, 1994. At Metheney's sentencing hearing, the government stipulated that Metheney acquired his semiautomatic assault weapon before his misdemeanor domestic violence conviction from someone who lawfully owned the gun before the effective date of § 922(v).

Metheney also requested a downward departure on the following grounds: (1) that he was actually innocent of the domestic violence offense; (2) that, due to its lack of a quorum in 1998 and 1999, the Sentencing Commission had been unable to determine whether the sentencing range for his offense was appropriate; (3) his extraordinary family circumstances; and (4) the totality of the circumstances.

The district court concluded that Metheney's argument was without merit, and that base offense level 20 applied under § 2K2.1(a)(4) because Metheney had possessed a semiautomatic assault weapon while he was a prohibited person. The court also declined to depart on any of the grounds put forward by Metheney.

On appeal, Metheney renews his argument that the Sentencing Commission exceeded its authority in creating an enhancement for possession of a semiautomatic assault weapon by a prohibited person without including an exception for a weapon that was lawfully owned on the date § 922(v) went into effect, similar to the exception in § 922(v)(2). He relies on *United States v. LaBonte*, 520 U.S. 751, 757

---

[2]As a prohibited person, Metheney's base offense level would have been 14 without the contested enhancement. USSG § 2K2.1(a)(6).

(1997), for the principle that, when the sentencing guidelines conflict with a federal statute, the statute controls. *LaBonte* held that Amendment 506, which amended the commentary to USSG § 4B1.1 to preclude consideration of statutory enhancements in calculating the "offense statutory maximum," conflicted with the directive in 28 U.S.C.A. § 994(h) (West 1993 & Supp. 2000), that the Sentencing Commission assure that certain repeat offenders receive a sentence at or near the maximum term authorized. Metheney also cites *United States v. Palmer*, 183 F.3d 1014, 1017 (9th Cir. 1999), which held that it was error to use a prior drug conviction for which the defendant's civil rights had been restored to justify an enhanced base offense level under § 2K2.1(a)(4)(A), even though the commentary to § 5K2.1 and § 4A1.2 together require consideration of such a conviction. *See* USSG § 5K2.1, comment. (n.5); USSG § 4A1.2, comment. (n.10).

However, Metheney has not identified a conflict as clear as those at issue in *LaBonte* and *Palmer*. Section 922(v) does not address possession of a semiautomatic assault weapon by a prohibited person. The exception in § 922(v)(2) is thus of benefit only to a person who has not lost his right to possess any firearm because of one of the events listed in § 922(g). Viewed in this light, there is no conflict between § 922(v) and § 2K2.1(a)(4)(B). Therefore, the district court did not err in computing a base offense level of 20.

A sentencing court's refusal to depart downward is not reviewable on appeal when the district court recognizes its authority to depart but decides that the facts and circumstances do not warrant departure. *United States v. Brock*, 108 F.3d 31, 33 (4th Cir. 1997). The record discloses that the district court considered Metheney's request for a departure based on the totality of the circumstances in his case and decided against a departure. The sentencing court's decision not to depart is thus not reviewable, and we dismiss this portion of the appeal. *United States v. Bayerle*, 898 F.2d 28, 32 (4th Cir. 1990).

An appellate court may review the district court's refusal to depart downward when the court mistakenly believed that it lacked authority to depart. *United States v. Edwards*, 188 F.3d 230, 238 (4th Cir. 1999), *cert. denied*, 528 U.S. 1130 (2000). Metheney contends that the district court did not seriously consider a departure based on the

negative effects of his incarceration on his wife and daughter because the court believed that a departure on this ground would never be affirmed by the Fourth Circuit. This claim is also unsupported by the record. The district court made detailed findings explaining that the hardships Metheney's incarceration would cause his family were not sufficiently extraordinary to warrant a departure. There is no indication that the district court believed that it lacked authority to depart on this ground in an appropriate case. Therefore, this claim fails.

We find that the district court correctly decided that it lacked the authority to depart based on Metheney's alleged actual innocence of the domestic violence offense. The commentary to USSG § 4A1.2 specifically provides that the defendant does not have a right to collaterally attack a prior conviction at the sentencing hearing. USSG § 4A1.2, comment. (n.6). While any factor that is not forbidden as a ground for departure may support a departure under *Koon v. United States*, 518 U.S. 81, 106 (1996), Metheney's actual innocence was not an established fact. Mrs. Metheney had given conflicting statements about the incident that led to her husband's conviction for abuse. The district court would have had to make a factual finding that Metheney had not actually abused his wife before it could consider a departure on that ground. Therefore, whether deliberate or not, Metheney's request for a departure for actual innocence was a collateral attack on his prior conviction, and the district court correctly determined that it lacked authority to depart on that ground.

We therefore affirm the sentence. We dismiss that portion of the appeal that contests the district court's decision not to depart based on the totality of the circumstances. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART, DISMISSED IN PART*