

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-30-2004

# USA v. Shelton

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1186

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Shelton" (2004). *2004 Decisions.* Paper 902.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/902

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 03-1186
_____

UNITED STATES OF AMERICA

Appellee

v.

RAYMOND SHELTON,

Appellant

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

(D.C. Civil No. 02-189-1)
District Judge:  Honorable Harvey Bartle

_____

Submitted Under Third Circuit LAR 34.1(a)
March 12, 2004

BEFORE: SLOVITER, NYGAARD, Circuit Judges.
and SHADUR,[*] District Judge.

_____

[*]    Honorable Milton I. Shadur, Senior District Judge for the United States District Court for the Northern District of Illinois, sitting by designation.

_____

OPINION OF THE COURT

_____

SHADUR, <u>District</u> <u>Judge</u>.

Raymond Shelton ("Shelton") appeals his sentence of 188 months' imprisonment followed by three years' supervised release (Supp. App. 24), asserting that the United States breached the terms of its plea agreement with him when the prosecutor took a position that called for a base offense level higher than that stipulated in the plea agreement ("Agreement").  We agree with Shelton and remand for resentencing.

Because the parties are familiar with the facts, we review them only briefly. Shelton was charged with a variety of crimes, including possession of a firearm by a felon under 18 U.S.C. §922(g)(1).[1]  Shelton pleaded guilty to several of those offenses pursuant to the Agreement, in which the parties expressly stipulated to a Sentencing Guidelines offense level of 20 for his firearm possession violations (Agreement ¶¶1, 8b).  Thereafter the probation department's Presentence Investigation Report ("PSI") correctly recalculated the base offense level for those violations as 26 rather than 20 (PSI ¶37).  At sentencing the prosecutor stated his belief that the PSI rather than the stipulation in the Agreement had the offense level right and then "ask[ed] for a substantial sentence"

---

[1]     Further references to Title 18 provisions will take the form "Section --."

(Supp. App. [Jan. 3, 2003 Tr.] 6-7).

We engage in a plenary review of Shelton's claim that the Assistant United States Attorney's comments at sentencing were a breach of the Agreement--regardless of whether or not Shelton raised that issue before the district court (United States v. Rivera, 357 F.3d 290, 294 (3d Cir. 2004)). And for that purpose general principles of contract law inform what constitutes such a breach (United States v. Nolan-Cooper, 155 F.3d 221, 236 (3d Cir. 1998)).

That being so, the government committed a breach if its actions were inconsistent with the text of the Agreement or did not comport with what Shelton could reasonably have understood to be the operative effects of the Agreement (United States v. Baird, 218 F.3d 221, 229 (3d Cir. 2000). Moreover, recognizing that Shelton was negotiating a contract that relinquished many of his constitutional rights, we give careful scrutiny to all the implications of the prosecutor's actions and demand strict adherence to the terms of the Agreement (United States v. Hayes, 946 F.2d 230, 233 (3d Cir. 1991); United States v. Queensborough, 227 F.3d 149, 156 (3d Cir. 2000)).

In this instance the prosecutor's position at sentencing conflicted directly with the government's unambiguous and specific Agreement stipulation that Shelton's base offense level was 20. That position was correspondingly outside any reasonable expectations that Shelton could have had about how the United States would conduct itself pursuant to the Agreement. In short, it was a clear breach (Rivera, 357 F.3d at 295).

3

Shelton does not wish to withdraw his guilty plea (S. Br. 21). Hence the appropriate remedy is specific performance of the Agreement (Nolan-Cooper, 155 F.3d at 241). We therefore vacate Shelton's sentence and remand for resentencing by another district judge (Rivera, 357 F.3d at 297), at which time the government must inform the court that it is bound by the Agreement but the court may independently determine the appropriate sentence (Nolan-Cooper, 155 F.3d at 238).

Because remand is warranted based on the government's breach of the Agreement alone, there is no need to delve too deeply into Shelton's other contentions of error (see Rivera, 357 F.3d at 293 n.2). But our de novo review of the Guidelines (United States v. Butch, 256 F.3d 171, 177 (3d Cir. 2001)) reveals that the district judge's decision to adopt the PSI's calculation of Shelton's base offense level of 26 for his Section 922(g)(1) violation was correct.

Section 922(g)(1) makes it unlawful for any person "who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year" to possess a firearm or ammunition. For that purpose Section 921(a)(20)(B) (emphasis added) excludes "any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less" from the definition of "crime punishable by imprisonment for a term exceeding one year." But the Guideline applicable to a Section 922(g)(1) violation employs a different definition: It increases the base offense level of a defendant who committed the firearm offense at

issue "subsequent to sustaining at least two felony convictions" of a specified nature (Guideline §2K2.1(a)(1)), with a "felony conviction" being defined by Application Note 5 to Guideline §2K2.1 (emphasis added) as any "prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony...."

Shelton argues that those provisions are in conflict and that the statutory definition must control over the Guideline definition. From that premise he contends that his prior conviction for simple assault (excluded from consideration under Section 921(a)(2)(B), but included for Guideline purposes under Application Note 5 to Guideline §2K2.1) cannot be considered when determining his Section 922(g)(1) base offense level calculation (United States v. LaBonte, 520 U.S. 751, 757 (1997)).

That argument is flawed because the two definitions have very different purposes: While the statute addresses only when an individual will be initially liable under Section 922(g)(1), once such initial liability is established the Guidelines consider the impact that a variety of factors (including prior felony convictions) will have on the defendant's eventual punishment. Those different purposes persuade us that the texts are not in conflict but can rather coexist peacefully, each having a full operative effect in its own realm (United States v. Morris, 139 F.3d 582, 583-84 (8th Cir. 1998)(per curiam); but cf. United States v. Palmer, 183 F.3d 1014, 1017-18 (9th Cir. 1999)).

In sum, we vacate Shelton's sentence and remand to the district court for

5

resentencing by a different judge in accordance with this opinion.