

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-28-2006

# USA v. Knighton

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1935

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Knighton" (2006). *2006 Decisions.* Paper 1527.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1527

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 05-1935

———

UNITED STATES OF AMERICA

Appellee

v.

IZIAH KNIGHTON

Appellant

———

Appeal from Judgment of Sentence Entered
in the United States District Court
for the Middle District of Pennsylvania
at Criminal No. 04-cr-00372-1
District Judge: The Honorable Christopher C. Conner

———

Submitted Under Third Circuit LAR 34.1(a)
January 13, 2006

Before:   BARRY, AMBRO and ALDISERT, Circuit Judges

(Filed February 28, 2006)

———

OPINION OF THE COURT

———

ALDISERT, Circuit Judge.


This appeal by Iziah Knighton from a sentence imposed after a guilty plea requires

us to decide whether the District Court: (1) properly applied the Sentencing Guidelines provision that allows a two-level enhancement for carjacking; (2) used the proper standard in finding the facts meriting such an enhancement; and, (3) in considering the sentencing factors listed at 18 U.S.C. § 3553(a), properly stated the reasons for its pronounced sentence. Because Knighton contends that his sentence was imposed both in violation of law and as a result of an "incorrect application of the sentencing guidelines," we have jurisdiction to hear the instant appeal pursuant to 18 U.S.C. § 3742(a)(1) & (2). We will affirm.

## I.

Because the parties are familiar with the proceedings in the District Court and as Knighton is only appealing his sentence and not the underlying conviction, our recitation of the facts will focus on the sentencing proceedings. On December 16, 2004, Iziah Knighton pled guilty to one count of bank robbery, punishable under 18 U.S.C. § 2113(a). His sentencing hearing was held on March 18, 2005, approximately two months after the United States Supreme Court issued its landmark decision in United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005).

A violation of 18 U.S.C. § 2113(a) carries with it a statutory maximum of 20 years imprisonment. The Court imposed a prison term of 70 months, which includes a two-level enhancement for carjacking, in accordance with the sentence recommended by the advisory Sentencing Guidelines. In enhancing Knighton's sentence, the Court reviewed and adopted the findings of the Probation Office's Presentence Report, which concluded

2

that "the defendant took a motor vehicle from the presence of another by force, violence, or intimidation" in the course of the bank robbery. This constitutes a carjacking under the Guidelines. U.S.S.G. § 2B3.1, Application Note 1. The Presentence Report therefore recommended a two-level increase in Knighton's sentencing offense level pursuant to U.S.S.G. § 2B3.1(b)(5). Including this finding, Knighton's Total Offense Level was 23, and his corresponding criminal history category was IV. The resulting sentencing range was 70 to 87 months. Without the two-level enhancement, Knighton's sentencing range would have been between 57 and 71 months.

Before the District Court, Knighton objected to the Court's enhancement of his sentence for carjacking and the Court's alleged use of the preponderance of the evidence standard in finding the facts meriting the carjacking enhancement. The District Court overruled those objections. Those issues are therefore preserved for review. Knighton did not object to the manner in which the sentencing judge pronounced the reasons supporting its prescribed sentence. This appeal of the sentence followed.

## II.

We exercise plenary review over a district court's interpretation of the Sentencing Guidelines. United States v. Bernard, 373 F.3d 339, 341 (3d Cir. 2004). We review a district court's findings of fact supporting a specific sentence for clear error. United States v. Cooper, 394 F.3d 172, 176 (3d Cir. 2005). If a defendant does not object to a sentencing court's failure to properly articulate the reasons for the sentence it is pronouncing, we then review the issue for plain error. See United States v. Davis, 407

3

F.3d 162, 164 (3d Cir. 2005). Ultimately, we review a sentencing decision for

reasonableness. Booker, 125 S. Ct. at 767.

III.

First, Knighton objects to the District Court's imposition of a two-level

enhancement for carjacking, as prescribed by U.S.S.G. § 2B3.1(b)(5), when the Court

failed to find that Knighton had the intent to "cause death or serious bodily harm" during

the course of the theft. We reject this contention. Appellant conflates carjacking as

defined in the Sentencing Guidelines, which lack an intent requirement, with the

definition of carjacking in the federal criminal statute, 18 U.S.C. § 2119, which requires

proof of intent as an essential element of the crime.[1]

The Federal Sentencing Guidelines state that if a robbery involves a carjacking,

then the recommended offense level shall be increased by two levels. U.S.S.G. §

2B3.1(b)(5). The Application Notes to Sentencing Guidelines § 2B3.1(b)(5) define

carjacking as: "the taking or attempted taking of a motor vehicle from the person or

presence of another by force and violence or by intimidation." The Application Notes

---

[1] Section 2119 states:

> Whoever, *with the intent to cause death or serious bodily harm*[,] takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so, shall . . .

18 U.S.C. § 2119 (2005) (emphasis added).

4

are designed to assist sentencing courts in interpreting and applying the Guidelines,[2] U.S.S.G. § 1B1.7, and they are authoritative "unless [they violate] the Constitution or a federal statute, or [are] inconsistent with, or a plainly erroneous reading of, that guideline." Stinson v. United States, 508 U.S. 36, 38 (1993). Absent a constitutional or statutory conflict, the Sentencing Guidelines provisions, as interpreted by the Application Notes, control the computation of the recommended Guidelines sentence. See United States v. Morris, 139 F.3d 582, 584 (8th Cir. 1998) (stating that, absent a conflict, the Guidelines shall be dispositive for sentencing).

Knighton argues that U.S.S.G. § 2B3.1(b)(5) is a shorthand version of the federal carjacking statute, 18 U.S.C. § 2119, and was not meant to overrule the statutory definition of carjacking that requires a showing of intent. The natural course of his argument requires us to conclude that the terms of 18 U.S.C. § 2119 control the definition of carjacking, with the Application Notes to U.S.S.G. § 2B3.1(b)(5) then becoming superfluous. We decline this interpretation.

The Guidelines' definition of carjacking is a wholly separate definition of carjacking, applicable independent of 18 U.S.C. § 2119. The Application Notes do not state that their definition of carjacking tracks the elements of the carjacking statute and

---

[2] The Guidelines themselves warn that a "[f]ailure to follow such commentary could constitute an incorrect application of the guidelines, subjecting the sentence to possible reversal on appeal. See 18 U.S.C. § 3742." U.S.S.G. § 1B1.7 (citing the statutory provision giving Courts of Appeals jurisdiction to review sentences where the Sentencing Guidelines were incorrectly applied).

5

there is no indication that the Sentencing Commission intended for the terms of the statute to control the definition. Where the Sentencing Commission decides to incorporate the terms of a corresponding federal statute it knows how to do it. See United States v. Bates, 213 F.3d 1336, 1340 (11th Cir. 2000) (stating that if "the Sentencing Commission had intended the definition of carjacking for purposes of U.S.S.G. § 2B3.1 to mirror [18 U.S.C. § 2119], it would amend it to refer specifically to the carjacking statute"). It explicitly references those terms, with usage instructions, in either the Guidelines provision itself or the applicable commentary. See id. (citing U.S.S.G. § 2A3.4(a)(2) (stating explicitly in the Guidelines provision itself that the requirements of a corresponding statute controls); U.S.S.G. § 2A6.2, Comment 1 (stating in the comments that a corresponding statutory section controls)). The Commission did not do this here; rather, it merely cross-referenced U.S.S.G. § 2B3.1 with 18 U.S.C. § 2119 in the commentary and provided no further guidance. Accordingly, the District Court did not err by failing to find that Knighton had the intent to "cause death or serious bodily harm" when enhancing his sentence under U.S.S.G. § 2B3.1(b)(5).

IV.

Second, Knighton argues that, in violation of Booker, the Court found the facts supporting the carjacking enhancement by a preponderance of the evidence and not beyond a reasonable doubt. Knighton is incorrect. Even if Booker does require sentencing courts to find enhancing facts beyond a reasonable doubt, which we do not decide, the Court here found the facts under that higher standard. In the sentencing

6

hearing the Court stated:

> I think I should add for what its worth that although I feel certain that the sentencing enhancement has been proven by a preponderance of the evidence, *I also feel that it has been proven beyond a reasonable doubt.* So I think under either standard that sentence that, [sic] enhancement would apply.

Knighton's argument is therefore groundless.

V.

Third, Knighton contends that the Court erred by failing to specifically articulate its consideration of each of the factors listed at 18 U.S.C. § 3553(a). We do not agree. Pre-Booker, district courts were not required to address individually the § 3553(a) factors in setting sentence. See United States v. Dorrough, 84 F.3d 1309, 1311 (10th Cir. 1996) ("There is no requirement that the district court make specific findings regarding each of the [§ 3553(a) factors] as long as it states the reasons for its actions."). Booker has not altered this standard. United States v. Cooper, No. 05-1447, slip op. at 12 (3d Cir. Feb. 14, 2006) (citation omitted) ("Nor must a court discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing."). Rather, the record must indicate that sentencing court gave meaningful consideration to the § 3553(a) factors and that it addressed all arguments raised by the parties that rest upon "a ground of recognized legal merit (provided it has a factual basis)." Id. at 12 (citing United States v. Cunningham, 429 F.3d 673, 679 (7th Cir. 2005)). We require nothing more.

The Court in this case did consider the § 3553(a) factors in conjunction with the

7

sentence calculated under the Guidelines. The record shows that it explicitly said it did.

First, the Court stated that it reviewed and adopted the Presentence Report, which addresses the considerations of § 3553(a). Second, during the sentencing hearing, the Court explained its consideration of § 3553(a):

> The sentence imposed satisfies the purposes set forth in Title 18 of the United States Code, Section 3553(a), including the necessity of deterrence and just punishment, promotion of respect for the law, protection of the public, avoidance of unwanted disparities, and assurance of correctional treatment for the defendant, and restitution to any victims of the offense, *and reflects full consideration of all factors relevant to the sentencing determination*, including the nature and seriousness of the offense, the history and characteristics of the defendant, the kinds of sentences available, and the advisory range and policies prescribed by the United States Sentencing Commission.

Moreover, the Court stated its reasons for the sentence it was imposing as follows:

> Mr. Knighton, it's clear to me that the act you committed was an act of stupidity under all the circumstances. It's also clear to me that you have a supportive family and that there is a good possibility that your conduct will not be repeated. Under the circumstances my inclination is to give you a sentence at the low end of the guidelines range. Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the court that the defendant, Iziah Knighton, is hereby committed to the Bureau of Prisons to be imprisoned for a term of 70 months.

We disagree with Knighton's implication that these statements are boilerplate and that more analysis is needed. Aside from his objections to both the Court's treatment of the carjacking enhancement at sentencing and the burden of proof for sentencing enhancements, which were adequately dealt with by the Court, Knighton raised no other grounds at sentencing that arguably possess a recognized legal or factual basis for

supporting a different sentence.[3]  Accordingly, we determine that these statements more

than satisfy the requirements of <u>Booker</u> because they indicate both the Court's rationale

for the sentence it is prescribing and its meaningful consideration of the § 3553(a) factors.

VI.

We have considered all contentions presented by the parties and conclude that no

further discussion is necessary.  We will affirm the sentence of the District Court.

---

[3]  We also note that Knighton did not object at the sentencing hearing to the District
Court's discussion of the reasons supporting the 70-month sentence.  Accordingly, if the
Court were to have erred in its lack of specificity in addressing the § 3553(a) factors, we
would then review the Court's sentence for plain error.  <u>See</u> <u>Davis</u>, 407 F.3d at 164
(citing Rule 52(b), Federal Rules of Criminal Procedure).  Plain error exists when there is
"an 'error' that is 'plain' and that 'affect[s] substantial rights."  <u>United States v. Olano</u>,
507 U.S. 725, 732  (1993).   We find that an error affects substantial rights "if it is
prejudicial, i.e., affected the outcome of the district court proceedings."  <u>U.S. v. Evans</u>,
155 F.3d 245, 251 (3d Cir. 1998) (citations and internal quotations omitted).  Here, even
if the District Court were required to conduct a more in-depth analysis of the § 3553(a)
factors, we are quite satisfied that it did not affect the outcome of the sentencing.  We
therefore conclude that no error occurred.