NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2005
_____

UNITED STATES OF AMERICA

v.

DONALD KORUS,
Appellant

On Appeal from the United States District Court
for the Middle District of Pennsylvania
District Court No. 3-16-cr-00232-001
District Judge: The Honorable Robert D. Mariani

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 28, 2019

Before: SMITH, *Chief Judge*, HARDIMAN, and PHIPPS, *Circuit Judges*

(Filed: November 7, 2019)

_____

OPINION*
_____

SMITH, *Chief Circuit Judge.*

---

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

1

Donald Korus challenges the District Court's reliance on controverted hearsay evidence to enhance his sentence. But *United States v. Sciarrino* permits sentencing courts to credit hearsay over live testimony if other evidence corroborates the hearsay. *See* 884 F.2d 95, 96-97 (3d Cir. 1989). Here, a prior consistent statement and a cell-phone recording provide corroboration. And the District Court permissibly relied on the hearsay to enhance Korus's sentence under U.S.S.G. §§ 2K2.1(b)(6)(B) and 3C1.1. So we will affirm.

**I**

When a repossession crew came for Korus's Jeep, he asked to retrieve some personal items from the vehicle before relinquishing the keys. Korus climbed in the driver's seat as one repo man—Fernando Lamolly—stood inside the open driver-side door.

Korus and Lamolly dispute what happened next. Korus claims Lamolly tried to "rip [him] out of the vehicle" as Korus unlocked and rummaged through the center console, unaware it contained his fiancée's gun. App. 74. But Lamolly says Korus grabbed the gun, chambered a round, and aimed it at Lamolly's head without provocation.

A cell-phone recording of the incident shows little but captures audio. First, Korus shouts, "I have a license to carry. I have a f***ing license to carry. Get the f*** out of my property." Next, Lamolly says, "You pull a gun on me, you pull a gun on me." Then Korus yells, "You're on my property right now." Sounds of a struggle follow, and

2

Lamolly urges Korus to "[p]ut the gun down, put it down." Suddenly a shot rings out and someone screams. App. 24, 155.

Korus—who had five prior felony convictions—pled guilty to violating 18 U.S.C. § 922(g)(1), which forbids felons from possessing firearms. But he contested the government's claim that he possessed the firearm "in connection with another felony," which triggers a four-level sentence enhancement under U.S.S.G. § 2K2.1(b)(6)(B).

The District Court held an evidentiary hearing to determine § 2K2.1(b)(6)(B)'s applicability. Korus's testimony cast Lamolly as the initial assailant. But a police officer relayed Lamolly's out-of-court statement from an interview two days earlier recalling that Korus brandished the gun without warning and that Lamolly feared Korus would shoot. Noting holes in Korus's story, the District Court credited Lamolly's version. And the District Court concluded that by "point[ing] a gun a[t] Lamolly in a threatening manner and t[elling] him to leave the property" "before any fighting began," Korus committed two felonies under Pennsylvania law: simple assault, 18 Pa. Cons. Stat. § 2701(a)(3), and terroristic threats, *id.* § 2706. App. 24. Finally, since the District Court further found Korus lied on the stand, it applied another two-level enhancement for "willfully obstruct[ing] . . . the administration of justice." U.S.S.G. § 3C1.1. Given both enhancements, the District Court sentenced Korus within the Guidelines range to forty-five months imprisonment plus three years of supervised release.

3

## II

Korus raises three issues in this timely appeal under 28 U.S.C. § 1291. *First*, he claims the District Court erred by considering Lamolly's hearsay account. *Second*, Korus argues the District Court erred by finding he was the initial aggressor, by concluding his conduct amounted to simple assault or terroristic threats, and by concluding simple assault or terroristic threats qualify as "another felony" under § 2K2.1(b)(6)(B). *Third*, he contends since § 2K2.1(b)(6)(B) couldn't legally apply, the obstruction enhancement couldn't either, since the obstructive testimony related to § 2K2.1(b)(6)(B)'s applicability. But after reviewing the District Court's evidentiary determinations for abuse of discretion, its factual findings for clear error, and its legal conclusions de novo, we conclude none of the issues raised justifies relief.

## A

The District Court did not abuse its discretion by considering Lamolly's hearsay account. "Hearsay is fully admissible at a sentencing hearing, so long as it has sufficient indicia of reliability." *United States v. Brigman*, 350 F.3d 310, 315 (3d Cir. 2003); *accord* U.S.S.G. § 6A1.3(a). That's true even if it contradicts sworn testimony, as long as "other evidence . . . corroborate[s] the inconsistent hearsay statement." *United States v. Miele*, 989 F.2d 659, 664-65 (3d Cir. 1993) (citing *Sciarrino*, 884 F.2d at 97).

Here, two pieces of evidence corroborate Lamolly's hearsay statement. *First*, a prior consistent statement Lamolly gave two-and-a-half years earlier on the night of the incident. *Second*, the video recording, which depicts Lamolly noting Korus "pull[ed] a gun on" him and imploring Korus to "put the gun down." App. 24, 155. Alone, each

4

adequately buttresses the hearsay's reliability; together, they vault it over *Sciarrino*'s hurdle. And once the statement clears that threshold, it's admissible—none of Korus's attempts to discredit it matter. So although having an important witness testify in person should be a prosecutor's preferred course, the District Court acted well within its discretion by considering Lamolly's hearsay account.

**B**

**1**

The District Court did not clearly err by finding Korus threatened Lamolly with a firearm before fighting began. Both of Lamolly's statements and the video point toward this finding. Only Korus's hearing testimony is at odds with that evidence. And Korus's testimony has four flaws. *First*, it contradicts Korus's statement right after the incident that he knew the gun was in the car. *Second*, it poorly fits the tone of the exchange reflected in the recording.[1] *Third*, at least part of it is demonstrably false. Although Korus swore the gun belonged to his fiancée, in truth he had stolen it from his mother. *Fourth*, it beggars belief. Korus claims that while his left arm fended off Lamolly (a 350-pound man), his right arm reached to the center console, unlocked it with a key (one-handed), and extracted a gun he was "shocked" to find.

---

[1] Korus strains to span this gap by explaining that when he lied about "hav[ing] a f***ing license to carry," he sought to placate Lamolly's alarm at the sight of the gun, and that when he yelled, "Get the f*** out of my property. . . . You're on my property right now," he only meant his personal effects, not the entire premises. But these after-the-fact explanations fail to show that the District Court clearly erred by adopting a contrary interpretation.

In comparison, the District Court's finding seems "plausible in light of the record viewed in its entirety." *F.T.C. v. Lane Labs-USA, Inc.*, 624 F.3d 575, 582 (3d Cir. 2010). So Korus fails to "definite[ly] and firm[ly] convi[nce]" us the District Court made "a mistake." *United States v. Kulick*, 629 F.3d 165, 168 (3d Cir. 2010).

**2**

By extension, the District Court did not err by concluding Korus committed simple assault and terroristic threats. Korus's conduct easily constitutes simple assault: attempting to make someone fear imminent serious bodily injury through physical menace. *See* § 2701(a)(3); *Commonwealth v. Little*, 614 A.2d 1146, 1152 (Pa. Super Ct. 1992) (collecting cases) ("It is well settled in Pennsylvania case law that pointing a gun at someone constitutes simple assault . . . .").

So too for terroristic threats: directly or indirectly threatening to commit a violent crime with intent to terrorize. *See* § 2706. Although Korus says no evidence shows his terroristic intent, pointing a gun at a person's head and yelling "Get the f*** off my property" satisfies that element under Pennsylvania law. *See, e.g.*, *In re Maloney*, 636 A.2d 671, 676 (Pa. Super. Ct. 1994) ("[A]ppellant's allegation that [the defendant] pointed a gun at him and told him to 'get the f*** out of here' was sufficient to establish a prima facie case of making a terroristic threat. The words spoken, combined with the pointing of the gun, suggest a threat that appellant would have been shot if he did not leave as [the defendant] had commanded.").

**3**

What's more, both simple assault and terroristic threats qualify as "[]other felon[ies]" under § 2K2.1(b)(6)(B). The Guidelines classify every state offense punishable by more than one-year imprisonment as "another felony"—even if the state calls it a misdemeanor. *See* § 2K2.1 n.14(c). Here, both simple assault (punishable by two years in jail) and terroristic threats (punishable by five years in jail) meet that definition.[2]

**C**

Nor did the District Court err by applying the obstruction enhancement. Korus does not argue the District Court clearly erred by finding Korus lied during the evidentiary hearing; he argues only that since the hearing concerned the allegedly inapplicable § 2K2.1(b)(6)(B) enhancement, any false testimony was immaterial. But since we conclude the District Court correctly applied § 2K2.1(b)(6)(B), Korus's argument collapses. Put simply: the false testimony was material, so the obstruction enhancement was properly applied.

**III**

For these reasons, we will affirm Korus's sentence.

---

[2] For the reasons explained in *United States v. Shelton*, 91 F. App'x 247, 249 (3d Cir. 2004)—and amplified by *United States v. Hoyle*, 751 F.3d 1167, 1173-74 (10th Cir. 2014), *United States v. Mosley*, 635 F.3d 859, 864 (6th Cir. 2011), and *United States v. Morris*, 139 F.3d 582, 583-84 (8th Cir. 1998)—we decline to follow the Ninth Circuit in hemming the definition of "another felony" to fit 18 U.S.C. § 921(a)(20), which exempts people convicted of state misdemeanors with a two-year (or less) maximum sentence from § 922(g)(1)'s possession ban. *See United States v. Palmer*, 183 F.3d 1014, 1018 (9th Cir. 1999). But even if we were so inclined, Korus would still lose: the offense of terroristic threats still counts as "another felony" under that provision.