NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 4 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>TRUNG NGUYEN,<br><br>Defendant-Appellant. | No.   22-10233<br><br>D.C. No.<br>5:20-cr-00112-BLF-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Argued and Submitted November 14, 2023
San Jose, California

Before:  GRABER, PAEZ, and FRIEDLAND, Circuit Judges.

Defendant Trung Nguyen timely appeals his sentence of 36 months of

imprisonment, following his guilty plea to being a felon in possession of

ammunition in violation of 18 U.S.C. § 922(g)(1).[1]  Reviewing de novo the district

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[1] In an unopposed motion, Docket No. 13, the government asks us to take judicial
notice of court records involving a defendant in another case, United States v.

(continued)

court's interpretation of the United States Sentencing Guidelines and reviewing for abuse of discretion the district court's application of the Guidelines, United States v. Brooks, 610 F.3d 1186, 1198 (9th Cir. 2010), we affirm.

The district court correctly applied Guidelines § 2K2.1(a)(4)(A) in calculating Defendant's base offense level. Defendant sustained a state felony conviction for a controlled substance offense in 2010. Thus, when he committed the instant offense in 2019, he "committed any part of the instant offense subsequent to sustaining one felony conviction of . . . a controlled substance offense[.]" U.S. Sent'g Guidelines Manual § 2K2.1(a)(4)(A).

It is irrelevant that a state court reduced Defendant's 2010 conviction to a misdemeanor in 2020, pursuant to California Proposition 64. Alteration of a state conviction must occur before the commission of the federal offense for that conviction no longer to qualify as a felony for sentencing purposes. See United States v. Padilla, 387 F.3d 1087, 1092 (9th Cir. 2004) (holding that, under 18 U.S.C. § 921(a)(20), a change to a state conviction "must occur before the erstwhile felon takes possession of a firearm" for it to preclude a conviction under

_____

Palmer, 183 F.3d 1014 (9th Cir. 1999). The Government presents these documents to establish that the timeline underlying Palmer differs from the timeline in this case. But the sequence of events in Palmer is evident from the background section of that opinion and, in any event, we are bound by the holding and reasoning within Palmer itself. The motion is therefore DENIED because the materials "are not relevant to the disposition of this appeal." Cuellar v. Joyce, 596 F.3d 505, 512 (9th Cir. 2010).

§ 922(g)(1) (emphasis added)); see also United States v. Yepez, 704 F.3d 1087, 1090 (9th Cir. 2012) (en banc) (per curiam) (interpreting Guidelines § 4A1.1(d) and holding that a state court's altering of a defendant's probation status after the commission of a federal offense "can have no effect on a defendant's status at the moment he committed the federal crime" (emphasis added)).  United States v. Palmer, 183 F.3d 1014 (9th Cir. 1999), on which Defendant principally relies, is distinguishable; there, the state restoration of civil rights occurred before the defendant committed the federal crime.  Id. at 1015–16.

**AFFIRMED.**